Justices Figueras, Wolf and del Toro concurred.
Mr. Justice MacLeary dissented.

---

DEL TORO *v.* THE MUNICIPAL COURT.

APPEAL from the District Court of Mayagüez.

No. 421.—Decided February 15, 1910.

CONTEMPT OF MUNICIPAL COURT—CERTIORARI—JURISDICTION OF DISTRICT COURTS.—There is no doubt that district courts have jurisdiction to review on *certiorari* the judgment of a municipal court in a case of contempt, and an appeal lies from the judgment of the district court to the Supreme Court.

CERTIORARI—PURPOSE OF REMEDY.—The writ of *certiorari* can only be resorted to for the purpose of reviewing questions of procedure or of jurisdiction, but not for any other purpose where an appeal would serve.

ID.—REVIEW OF JUDGMENT:—Nor can the writ of *certiorari* be resorted to for the purpose of reviewing judgments on their merits, but to determine whether

they have been rendered under the rules governing the jurisdiction of judges, or whether or not the proceedings prescribed by law have been followed.

ID.—ADMISSION AND EXCLUSION OF EVIDENCE—SUFFICIENCY OF EVIDENCE.—Generally the admission or exclusion of evidence cannot be revised on *certiorari*, nor can the sufficiency of the evidence to support the judgment of the trial court.

CONTEMPT—OFFENSIVE PUBLICATION—CIRCULATION OF NEWSPAPER WITHIN THE TERRITORIAL JURISDICTION OF THE COURT.—It is unnecessary to allege and prove in contempt proceedings that the contemptuous article was circulated within the judicial district of the court.

ID.—UNSWORN COMPLAINT.—It is not an essential requisite that a complaint be sworn to in order to commence contempt proceedings, because section 146 of the Revised Statutes does not require such an affidavit.

ID.—JURISDICTION OF JUDGE.—The judge, about whom a contemptuous article is published, has jurisdiction of the contempt proceedings and to decide a motion for a change of venue on account of alleged prejudice against the accused.

ID.—EXCLUSION OF EXPERT TESTIMONY—DISCRETION OF COURT.—The exclusion of the testimony of experts is discretional with the trial judge if he is satisfied that they are not qualified to testify as experts.

EVIDENCE—STATEMENT OF THE CASE—STENOGRAPHIC NOTES.—Where there is no statement of the case this court cannot review the evidence introduced at the trial. The stenographic notes, although duly certified, cannot take the place of a statement of the case.

The facts are stated in the opinion.

*Mr. José Benet* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case, Carlos del Toro, Esq., was fined for contempt by the municipal court of Cabo Rojo, and applied to the District Court of Mayagüez for a writ of *certiorari* to bring up and review the cause and to annul the judgment. After proper consideration the district court, on May 11, 1909, declared that there was no reason to revise the judgment of the municipal court of Cabo Rojo, and ordered the return of the record. Ten days thereafter the defendant took an appeal to this court and the record was duly filed herein last June.

The brief was not filed in time, but it was allowed to be attached to the record for such purposes as might be proper, and it has been used, in the absence of any objection, to ascertain what were the grounds of the appeal and in aid of the oral argument made by learned counsel on the hearing in this

court. However, this use of the brief must not be considered as a precedent to be followed.

There is no question of the power and jurisdiction of the district court to revise on *certiorari* the judgment of the municipal court imposing a fine for contempt, and an appeal clearly lies from any judgment of the district court in such a case, when properly presented.

It must not be forgotten that the case was presented in the district court on a writ of *certiorari* and that such a remedy is used for the purpose of reviewing a question of procedure or jurisdiction, but not for any other purpose which might cause the writ of *certiorari* to serve the office of an appeal or writ of error. (*Arribas* v. *Mirandes,* 2 Dec. de P. R., 686.)

Nor can the writ of *certiorari* be resorted to for the purpose of reviewing judgments on their merits, but to determine whether they have been rendered under the rules governing the jurisdiction of judges, and whether or not the proceedings prescribed by law have been followed. (*Axtmayer* v. *Aldrey* [14 P. R. Rep., 623], decided on June 25, 1908.)

Generally the admission or exclusion of evidence cannot be reviewed on *certiorari;* nor can the sufficiency of the evidence to support the judgment of the trial court, if there was any evidence at all. The contempt with which del Toro was charged was the writing and publishing in the newspaper called "El Combate," of a certain article reflecting on the municipal judge of Cabo Rojo in severe terms. The newspaper "El Combate," as it is alleged, is pubilshed in the town of Mayagüez, and the appellant contends that there is no allegation nor proof that the number containing the offensive article was circulated in the municipal district of Cabo Rojo, and that such allegation and proof were necessary to sustain the jurisdiction of the court. This would be a good plea to the jurisdiction in a prosecution for libel, but it is not so in a case of contempt. In such cases the jurisdiction of the court is not limited by territorial lines. But for all that

appears in the record there may have been evidence that the offensive article was circulated in the village of Cabo Rojo.

It is objected that the information on which the contempt proceedings were based, was not sworn to by any person whatever, and that the court could not take cognizance of it without such affidavit. This is not necessary in cases of contempt. If the offensive act comes to the knowledge of the court, in any proper manner, an inquiry can be instituted and, on sufficient evidence, after the investigation, and an opportunity afforded to the accused to be heard in his defense, he may be properly punished for his culpable conduct, if it amounts to a contempt. Section 146 of the Revised Statutes of Porto Rico does not require such an affidavit. It does require that the accused be "notified and given a reasonable time to defend against the charge," which seems to have been done in this case.

There was no valid objection to the municipal judge of Cabo Rojo trying this case. He was not disqualified and he had jurisdiction to decide the motion for a change of venue on account of alleged prejudice against the accused and we cannot say that his decision was incorrect.

Excusing expert witnesses from testifying in a case is discretional in the trial judge. If he is satified that they are not qualified to testify as experts in the particular matter under investigation they may be excused, and unless it is shown that his discretion has been abused such action is not reversible error.

The appellant alleges that the evidence on which he was condemned was not sufficient to support the accusation. Even if this question could be considered in *certiorari* cases, when properly presented, we find that there is no statement of facts, or similar document, contained in the record, from which this court can ascertain what evidence was introduced or what proceedings were had on the trial, except perhaps the copy of the judgment said to have been rendered by the municipal court. It is true there appears in the record what purports

to have been some notes taken by the stenographer, and published in the "Combate" after the trial; but even if these were properly authenticated and shown to be correct and complete they could not take the place of a statement of facts as has been decided several times by this court. (See the cases of *People* v. *Brenes* [9 P. R. Rep., 503], decided December 18, 1905, and *López* v. *Am. R. R. Co.* [11 P. R. Rep., 148], decided June 28, 1906.)

Then for want of proper information on this point, if not for other reasons, we should not consider questions affecting the evidence produced on the trial. From the preceding observations it will appear that the judgment of the District Court of Mayagüez in dismissing the petition for *certiorari* should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.